Robert C. KESSINGER, Petitioner,

v.

STATE OF OKLAHOMA, and Ray H. Page, Warden of the Oklahoma State Penitentiary, Respondents.

Civ. No. 5644.

United States District Court
E. D. Oklahoma.

March 26, 1965.

W. S. Horton, McAlester, Okl., for petitioner.

Jack A. Swidensky, Asst. Atty. Gen., State of Oklahoma, for respondents.

BOHANON, District Judge.

The Petitioner herein, Robert C. Kessinger, is presently incarcerated in the Oklahoma State Penitentiary under a Judgment and Sentence of the District Court of Tulsa County, Oklahoma, imposed upon him on April 5, 1962, for a term of ten years, for forgery in the second degree after a former conviction of a felony.

The action here is for a Writ of Habeas Corpus. Petitioner appeared in person and by his Court-appointed attorney, W. S. Horton, Esquire, and Respondents appeared by Jack A. Swidensky, Esquire, Assistant Attorney General of the State of Oklahoma, at a hearing on the Petition, at McAlester, Oklahoma, on December 30, 1964. Petitioner raises many questions which cannot very well be understood. His Petition is lengthy and repetitious.

Petitioner was put to trial in the District Court of Tulsa County, Oklahoma, on the charge above mentioned before a jury on April 5, 1962, and was convicted.

Petitioner was represented at the trial by Court-appointed counsel, one of the Public Defenders of Tulsa County, Mr. Joe Roberts.

Petitioner has sought relief on five different occasions, three of them in the Court of Criminal Appeals, and two before the United States District Court for the Eastern District of Oklahoma, and

has in each instance been denied relief. The Petitioner was at the time of his trial and has been ever since an indigent person, and certainly was an indigent person at the time of his trial in the District Court of Tulsa County, Oklahoma, else the District Judge would not have appointed a Public Defender to represent him. On the date of his conviction and sentence, April 5, 1962, the Petitioner, as reflected by a certified copy of the Court minutes, being Plaintiff's Exhibit 4, gave notice of appeal in open Court, and his appeal bond was fixed by the Court at $15,000; the record further reveals that on May 21, 1962, an application for casemade was received and filed (forma pauperis). The record further shows that the application was set for hearing June 8, 1962, and on that date was taken under advisement. The record does not show that any action was taken upon Petitioner's application for casemade and to proceed in forma pauperis.

Petitioner, while the parties were still in the Courtroom and at the time judgment was pronounced, requested the Public Defender to appeal the case, and was advised by the Public Defender that he did not have the time to do so.

The Petitioner was immediately transported to the Oklahoma State Penitentiary, and it was while he was there that he wrote the Judge requesting a casemade be furnished to him for appellate purposes.

The Public Defender did not advise the Court that the Petitioner had requested him to take care of his appeal and that he had declined to do so. Under the circumstances, and in all fairness to Petitioner, the Public Defender probably should have so advised the Court. However, the record shows, or more precisely does not show, that the trial Court did not advise Petitioner of his right to have appointed counsel perfect an appeal to the Court of Criminal Appeals and represent him in that proceeding. The record affirmatively shows that Petitioner did give notice of appeal; that he timely requested a transcript of the record so as to perfect his appeal, and this request was not granted, nor did the Court advise the Petitioner of his right to counsel or appoint counsel to represent him.

■ The Court concludes that the State District Court Trial Judge, after Petitioner had given his notice of appeal, should have appointed counsel to perfect the appeal; and the Trial Court should have ordered transcript of the trial proceedings furnished to the Petitioner for use on appeal.

■■ In felony cases, such as this, appeals must be taken to the Court of Criminal Appeals within three months after judgment. This was not done in this case, but was due to failure of the Court to appoint counsel to represent Petitioner, and to furnish a transcript of the record as timely requested. The Petitioner, by not having counsel to represent him on appeal and the record furnished him on appeal, since he was admittedly an indigent person, suffered a violation of his Constitutional rights as guaranteed by the Fourteenth and Sixth Amendments, United States Constitution. Gideon v. Wainwright, 372 U.S. 335, 351, 83 S.Ct. 792, 9 L.Ed.2d 799; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892. The cases cited in clear language states that an indigent defendant has a fundamental right inherent in the due process clause of the Constitution, and this right is obligatory upon the several states by force of the Fourteenth and Sixth Amendments, to guarantee counsel and to be provided with the necessary records to perfect an appeal.

ORDER

The Court, based upon the foregoing, concludes that the Petitioner is entitled to relief. A new trial is ordered if the State so desires. The State failing to elect to retry the Petitioner, or to seek review of this Order, then at the expiration of sixty days from this date the said Robert C. Kessinger be released from

custody of the State of Oklahoma, and Ray H. Page, Warden of the Oklahoma State Penitentiary, from the sentence imposed upon Robert C. Kessinger which he is presently serving.