No. 44,512

Donald Lee Porter, *Appellant*, v. State of Kansas, *Appellee*.

(414 P. 2d 56)

Opinion filed May 7, 1966.

*Ralph D. Lamar*, of Kansas City, argued the cause and was on the brief for the appellant.

*William L. Roberts*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Leo J. Moroney*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: The appellant-petitioner, Donald Lee Porter, being confined in the state penitentiary filed a motion pursuant to K. S. A. 60-1507 to vacate the judgment and sentence imposed following a conviction of armed robbery in 1960. The motion was filed in the district court of Wyandotte county, the sentencing court.

The district court appointed counsel for petitioner and he was returned to Wyandotte county for a full evidentiary hearing. Evidence was offered by both the petitioner and the state. The district court made findings and conclusions and entered its order denying petitioner's motion. Thereupon the petitioner perfected this appeal. Petitioner asserts in his appeal, (1) he did not have counsel on his appeal from his conviction, (2) he was illegally brought into Kansas, (3) sentence was improperly imposed under G. S. 1949, 21-107a, (now K. S. A. 21-107a) and (4) he was not represented by counsel at his preliminary hearing. The petitioner relies principally on his contention that he did not have assistance of counsel on his appeal to this court from the conviction and sentence of the district court.

The record discloses that petitioner was represented by retained

counsel of his own choice at his arraignment, during his jury trial, on his motion for new trial and at his sentencing. Petitioner's motion for new trial was heard and denied by the district court on December 28, 1960. Sentence was pronounced pursuant to G. S. 1949, 21-530 and 21-107a.

On February 24, 1961, petitioner filed notice of appeal to this court (case number 42,528), a poverty affidavit and a motion for records. These documents were prepared by petitioner in his own handwriting. Petitioner made no further effort to prosecute his appeal and it was dismissed by order of this court on motion of the state on May 7, 1963, for failure to comply with the rules of appellate procedure.

On this point the trial court said:

"The court further finds that on February 24, 1961, the plaintiff filed Notice of Appeal and proof of service, and filed an Affidavit of Poverty and Motion for Records. The court finds that this is all the plaintiff asked for. The court finds that plaintiff made no request for an appointment of counsel on his appeal, although plaintiff had adequate time to make application. The failure of the plaintiff to request an appointment of an attorney for over two years entitles plaintiff to no relief."

The record reveals that the evidence introduced at the hearing fully supports this finding of the trial court as well as findings made on other points raised in petitioner's motion.

As indicated in the trial court's finding it is clear that petitioner never at any time requested counsel to assist him in prosecuting his appeal. However, the record also clearly reveals that petitioner did not have the advice or aid of counsel in filing and perfecting his appeal. Although petitioner did not request the appointment of counsel, nevertheless his handwritten notice of appeal, affidavit of poverty and motion for records clearly indicate that he was an indigent. We must, therefore, consider the contention of petitioner in the light of *Douglas v. California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814, and its retrospective application as indicated in the opinions of the United States Supreme Court in *Daegle v. Kansas,* 375 U. S. 1, 11 L. Ed. 2d 44, 84 S. Ct. 89, and in *Smith v. Crouse,* 378 U. S. 584, 84 S. Ct. 1929, 12 L. Ed. 2d 1039 (1964).

The testimony of the petitioner as narrated in the record was that he was not aware of any right he may have had to request assistance of counsel, nor did he intentionally waive or relinquish his right to the assistance of counsel at any stage during his appeal from the conviction. Petitioner further testified that he had a sixth

grade education and no formal legal training. The testimony of petitioner as to these matters was unrefuted.

We must conclude from the record before us that petitioner's unawareness of his right to counsel on appeal precludes the finding of a waiver by petitioner of such right. In *Douglas v. California,* supra, it was stated at page 357 of the opinion:

"Where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel an unconstitutional line is drawn between rich and poor."

It follows that the failure to prosecute a *pro se* appeal, such as in this case, due to the lack of advice or assistance of counsel at any time concerning the appeal, constitutes a denial of due process. (See also *Spaulding v. Taylor,* 234 F. Supp. 747 (1964) (D. Kan.); *Kessinger v. State of Oklahoma,* 239 F. Supp. 639 (1965).

Subsequent to the decisions in *Douglas v. California,* supra; *Smith v. Crouse,* supra, and *Daegele v. Kansas,* supra, this court promulgated, on April 16, 1963, what is now Prefatory Rule No. 1 (f), 194 Kan. xii:

"When any defendant has been convicted of a felony and he is without means to employ counsel to perfect an appeal to the supreme court, he may make affidavit to that effect, stating that he intends to appeal and requesting the appointment of counsel. The judge of the court in which such defendant was convicted shall, when satisfied that the affidavit is true, appoint competent counsel to conduct such appeal."

Subsequent to the promulgation of the above rule, and on October 16, 1964, this court promulgated Rule No. 121, 194 Kan. xxvii, which was transmitted to the district courts of this state on October 20, 1964, together with a memorandum addressed to District Courts, authorized by this court, dated October 20, 1964, and issued by the clerk of this court in which it was stated:

"It is suggested that where the motion filed pursuant to Sec. 60-1507 apprises the District Court that he is an indigent person and no attorney was appointed to represent him in perfecting and presenting his criminal appeal, the District Court treat such proceeding as movant's affidavit for appointment of counsel pursuant to Rule No. 56 (191 Kan. Prefatory Rule No. 1 (f) xii), and enter an order appointing counsel to represent the movant on appeal pursuant to said rule, and advise counsel to file a motion in the Supreme Court to recall the mandate and reinstate the appeal for further proceedings."

In view of what has been said, the district court when apprised of petitioner's attempt to appeal without the aid of counsel should have treated the proceedings to vacate as movant's affidavit for appointment of counsel and proceeded accordingly.

It should be pointed out that our holding in the instant case is not applicable where an appeal is commenced through counsel, either retained or appointed, and later dismissed before hearing. In such a case it is presumed that counsel fully and fairly represented a defendant as to his appeal and, absent a showing to the contrary, a defendant is not entitled to reinstatement of such appeal. [See *Kelly v. State,* 196 Kan. 428, 411 P. 2d 611; *Ramsey v. United States,* 223 F. Supp. 605. (1963)].

In accordance with the views expressed herein the case is remanded to the district court with directions to appoint counsel for defendant pursuant to Prefatory Rule No. 1 (*f*), supra, to assist defendant in making application for the reinstatement of the appeal in case number 42,528 and for the recall of the mandate dismissing the appeal, dated May 7, 1963.

It is so ordered.

FROMME, J., not participating.