No. 44,603

Roy T. Greer, *Appellant*, v. State of Kansas, *Appellee.*

(429 P. 2d 942)

Opinion filed July 12, 1967.

*Ward V. Lawrence*, of Wichita, argued the cause and was on the briefs for the appellant.

*A. J. Focht*, Deputy County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General and *Keith Sanborn*, County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is a proceeding under the provisions of K. S. A. 60-1507 challenging a conviction of first degree robbery and sentence under the habitual criminal act.

The petitioner was convicted of first degree robbery on November 12, 1964. His court appointed attorney duly filed a motion for a new trial. The motion was overruled on November 27, 1964, and the petitioner was sentenced as an habitual criminal for a term of twenty to forty-two years in the state penitentiary.

On January 27, 1965, the petitioner mailed an instrument from the state penitentiary at Lansing designated "Aff-Davit and Motion for Records" which was brought to the attention of the trial court. We quote from the instrument omitting the caption and jurat:

"Comes Now; *Greer, Roy Thomas*, Petitioner, Epho More this Honerable Court to issive an order directing the official Court reparters or reparter and Clerk of the District Court of *Sedgwick* County, *Wichita*, Kansas, to furnisk any and all records pertaining to: State of Kansas vs. *Greer, Roy Thomas* case number CR-1211-64, In the *Sedgwick* County District Court of *Wichita*, Kansas dated, 11-20-64, the following to ____ exit:

| | |
|---|---|
| 1. Commuttment | 5. Sentence |
| 2. Jurnal Entry | 6. Transcript |
| 3. Information | 7. Warrant |
| 4. Criminal Action | 8. Complaint |

"And any and all other records needed on Petitioners behalf, as provided

under the 1959 General Statutes of Kansas, 62-1304, supp Kansas, See trinkle -vs- Hand, 185 Kansas 577, and General Statute: 60-1507.

"Respectfully Submitted
"/s/  Roy Thomas Greer
"Petitioner"

On March 8, 1965, the trial court overruled the petitioner's motion. The order stated in part:

"THEREUPON, the Court after examining the files and hearing the evidence and being fully advised in the premises, finds that the defendant has failed to furnish the court with the proper affidavit under General Statutes of Kansas 1961 Supplement, 62-1304, and for that reason his motion should be denied."

Petitioner next, on April 22, 1965, filed a petition under the provisions of K. S. A. 60-1507. In answer as to why he did not appeal from his conviction and sentence he stated:

"(a) The court failed to advise me of 'Rule 56' (19) Kansas Prefatory Rule No. 1 (F) x 11).

"(b) My lawyer failed to advise me in the premise of Appellate review.

"(c) I was an indigent unschooled in the mechanics or niceties of the law. More particularly Appellate review."

As part of his charge of unlawful custody he stated:

"(b) The court failed to advise this defendant of the mandatory requirement of Rule 56 (19 Kansas Prefatory Rule No. 1 (F) x 11.). This petitioner has suffered a denial of his right to appellate review. See Smith v. Crouse, Warder, Certiran Misc., 915, decided June 15, 1964; Dougher v. California, 372 U. S. 357, 9 L. Ed. 2d, 811, 83 S. C. T. 814.

"(c) Counsel for the defendant was inaffective for the reason he did not advise me of Appellate review procedure . . ."

It should be noted that the obligation of petitioner's court appointed attorney did not extend to the preparation of an appeal.

The trial court found that the files and records of the cases conclusively showed that the petitioner was entitled to no relief; that the appeal time from the sentence had not yet expired, and the petitioner could appeal from his conviction to this court. Relief was denied on May 4, 1965, without appointment of counsel and the petitioner given a right to be heard.

The petitioner has appealed from the order denying relief under K. S. A. 60-1507 and through his court appointed counsel contends his constitutional right to obtain an adequate and effective appellate review of the trial court proceedings was violated by the trial court's refusal to grant the indigent appellant's request to furnish appellant a free transcript of the trial proceedings under the provisions of K. S. A. 62-1304 (b).

The state suggests that there was no error in refusing to furnish the transcript because the instrument furnished by petitioner did not show an intention to appeal as required by K. S. A. 62-1304 (*b*).

We do not find the petitioner's complaint to be so much the refusal to furnish the transcript but rather the failure to inform him as to the procedure for appeal including the obtaining of a transcript.

The court knew that the petitioner had no means to pay for a transcript or hire an attorney. The court had appointed an attorney for him at the original trial. When the instrument requesting the transcript reached the court it was evident that, as petitioner now states, he was "unschooled in the mechanics or niceties of the law. More particularly Appellate review." It was also apparent that the petitioner was unschooled in expressing himself in writing.

We are also of the opinion that when the petitioner in his request for a transcript referred to K. S. A. 62-1304, which provides for furnishing a transcript for appeal, the trial court should have known the petitioner desired to appeal but did not know the proper procedure. It was the responsibility of the trial court at that stage of the proceedings to appoint an attorney to assist the petitioner in processing his appeal.

Where the right of appeal is granted by statute in a criminal case, the right should not be denied a defendant because of his indigency or illiteracy. Such denial would constitute a denial of due process. See *Porter v. State,* 196 Kan. 732, 414 P. 2d 56, and cases reviewed therein. The conclusion reached does not expiate the crime for which the petitioner was convicted nor does it entitle him to the issuance of an order releasing him from custody. However, in the face of the record as presented it does mean that he is entitled to a transcript and the appointment of counsel to assist him in his appeal.

The judgment is reversed and the petitioner is given ninety days from the date the mandate is issued in which to perfect an appeal to this court from the verdict and judgment convicting him of robbery in the first degree, and the district court is directed to appoint an attorney to assist him in processing his appeal.

APPROVED BY THE COURT.