No. 45,139

THE STATE OF KANSAS, *Appellee*, v. ROY T. GREER, *Appellant*.

(447 P. 2d 837)

Opinion filed December 7, 1968.

*Jerry G. Elliott*, of Wichita, argued the cause and was on the brief for the appellant.

*A. J. Focht*, deputy county attorney, argued the cause, and *Robert Londerholm*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Roy T. Greer was convicted by a jury of the offense

of robbery in the first degree for which he was sentenced November 16, 1964, under the habitual criminal act. This is a direct appeal from that sentence, as authorized when the case was previously here in an abortive postconviction proceeding (*Greer v. State,* 199 Kan. 354, 429 P. 2d 942).

Appellant and a woman, Bobbie Espinosa, were charged jointly with the offense. Appellant was tried separately. According to the state's evidence the robbery victim drank beer at a club in Wichita during the early morning hours of July 19, 1964. There he met Bobbie and for an agreed fee arranged to have intercourse with her. He and Bobbie left the club in his truck to go to the country to consummate the bargain. Enroute, the appellant, driving an automobile, forced the victim's truck to the side of the road, beat him up and took his money.

On July 21 appellant and Bobbie were arrested in connection with the offense. Each was separately questioned by investigating officers. Appellant declined to make any statement. Bobbie admitted complicity in the robbery, her oral statement being recorded by tape recording. Later the officers talked with appellant again and had him listen to Bobbie's tape-recorded admission. Appellant acknowledged the truth of Bobbie's statement and then admitted his participation in the robbery. His confession was likewise tape-recorded.

At trial the prosecution offered both tape recordings as part of its case in chief and both were received in evidence and reproduced for the jury's hearing. Appellant made no objection to the receipt of his own tape recording and upon appeal he raises no question as to its admissibility. He did object to receipt of Bobbie's tape-recorded statement and this forms the basis for his principal complaints here. Appellant first contends he was thereby deprived of his constitutional right of confrontation with the witnesses against him (Kansas bill of rights, § 10; United States constitution, amendment 6).

Neither of the tape recordings is transcribed in the record. Upon oral argument counsel for both sides stated they had sought to obtain these tapes but were unable to locate them. However, counsel concede both tapes implicated appellant in the robbery.

Generally, an accomplice's extrajudicial confession inculpating the accused is inadmissible against the accused. This rule has usually been expressed in terms of the traditional hearsay rule

excluding such testimony (see anno. 4 A. L. R. 3d 678, *et seq.*) rather than in terms of the constitutional confrontation clause guaranteeing the right to meet the witness face to face, although, of course, the constitutional right would appertain and has been recently applied in varying circumstances (see, for example, *Pointer v. Texas*, 380 U. S. 400, 13 L. ed. 2d 923, 85 S. Ct. 1065; *Douglas v. Alabama*, 380 U. S. 415, 13 L. ed. 2d 934, 85 S. Ct. 1074; *Bruton v. United States*, 391 U. S. 123, 20 L. ed. 2d 476, 88 S. Ct. 1620).

But there is a well recognized exception to the general rule banning the extrajudicial statement of a third person. Such statement is admissible against an accused who has admitted its truth (22A C. J. S., Criminal Law, § 769). This rule is now codified in K. S. A. 60-460 as an exception to the hearsay rule as follows:

"Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

. . . . . . . . . .

"(*h*) As against a party, a statement . . . (2) of which the party with knowledge of the content thereof has, by words or other conduct, manifested his adoption or his belief in its truth. . . ."

Simply put, this means an incriminating statement of a third person which an accused has admitted to be true is admissible in evidence against the accused as his own statement by adoption.

Standing by itself Bobbie's statement would have been inadmissible, but prior to offering it into evidence the prosecution laid a proper foundation for it. This consisted of the testimony of the investigating officer, the clear import of which was that the officer played Bobbie's confession to appellant, appellant admitted orally her version was correct except as to the weapon; that appellant stated he "had not used a weapon to strike him with. That he had only used his fist to strike the man with when he obtained his money"; then, according to the officer's testimony, appellant gave a tape-recorded statement admitting his part in the robbery. Appellant heard Bobbie's statement and, with an exception not here material, he verbally assented to and adopted it; the statement became his own and was thus admissible in evidence against him.

The right of confrontation is a trial right consisting essentially of the right of cross-examination of adverse witnesses and of having them appear and be judged upon their demeanor (5 Wigmore on Evidence, § 1395 [3d. ed., 1940]), but no issue arises under the confrontation clause where it is the accused's adoptive statement

which is being used against him rather than a statement dependent upon the credit of some third party not in court. Here the reliability of the statement does not depend upon Bobbie's veracity or credibility or her appearance and demeanor as a witness in court and it was not received upon that basis. Appellant was not deprived of any advantage by Bobbie's absence at trial and his contention of constitutional infringement cannot be sustained.

Appellant further complains the trial court failed to instruct the jury properly as to its duty to consider the truth or falsity of the tape-recorded statements. More specifically he says the trial court failed to tell the jury how to assess the credibility of Bobbie Espinosa. We have already indicated her confession was receivable not upon her credit but because it formed a part of appellant's admission. Hence there was no necessity for an instruction upon her credibility. The trial court did give general instructions as to credibility of witnesses and the jury's right to weigh evidence. At trial no objection was made to the instructions given nor was any request made for further or more complete instructions. In fact the subject was not brought up in any way at trial level. Technical objections to the trial court's instructions raised for the first time upon appeal will not be considered (*State v. Joseph Little*, 201 Kan. 101, 439 P. 2d 383).

Appellant's final specification of error is there was insufficient competent evidence to convict him. He offers no argument to support this as indeed none could be offered upon the record. The robbery victim testified as to the attack and identified appellant as the robber. More need not be said.

The judgment is affirmed.

APPROVED BY THE COURT.