No. 45,393

STATE OF KANSAS, *Appellee*, v. LAWRENCE PATCHETT, *Appellant*.

(455 P. 2d 580)

Opinion filed June 14, 1969.

*Charles D. Knapp*, of Coffeyville, argued the cause and was on the brief for the appellant.

*Monte K. Heasty*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Timothy R. Emert*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant, Lawrence Patchett, appeals from a conviction of burglary in the second degree (K. S. A. 21-520) and larceny in connection therewith (K. S. A. 21-524).

The defendant was charged with breaking out a panel of glass in a lumberyard office door, entering the building in the nighttime, and stealing tools and supplies of the value of over $300 during the early morning of December 7, 1967. Defendant was convicted by a jury and concurrent sentences of ten to twenty years were imposed on each charge pursuant to K. S. A. 21-523, 21-524 and 21-107a.

On appeal defendant claims error in admitting evidence of a prior conviction in the state's case in chief and further error in overruling his motion for a new trial, based on the same ground.

During its case in chief, the state introduced evidence of prior convictions of defendant under the provisions of K. S. A. 60-455, for the purpose of showing the state of mind of defendant as to motive, opportunity, intent, preparation and knowledge. The evidence consisted of the information and journal entry of defendant's conviction in Montgomery County in 1965 on two counts of burglary and larceny and one count of grand larceny of an automobile (K. S. A. 21-533).

On appeal defendant does not challenge the admissibility of the

burglary and larceny convictions. His sole argument is aimed at the admission of the automobile theft conviction. At the time the evidence was offered the state proposed that only the counts of burglary in the second degree and larceny in connection therewith be admitted. Defendant insisted that if the information and journal entry be introduced, the instruments in their entirety must be admitted. After considerable colloquy between the court, defense counsel and the county attorney, the court admitted the entire information and journal entry which were read to the jury. At the time, the court orally instructed the jury as to the limited purpose for which it might consider the evidence of the two counts of burglary in the second degree and larceny in connection therewith, and in addition instructed that the count of automobile theft had no relation to this case whatsover, and was read because the defense insisted the document should be read as a whole.

The court's written instructions are not included in the abstract before us, but we are informed that the court again incorporated an instruction as to the limited purpose for which the jury might consider the burglary and larceny convictions, and a direction that the automobile theft conviction be entirely disregarded. According to the record before us, no objections were made to the instructions.

The state meets defendant's contention by arguing that since defendant was also charged with grand larceny, the previous conviction of larceny of an automobile is relevant and admissible. The state further argues that since defendant insisted that the documents, evidencing the prior convictions, must be admitted in their entirety or not at all, defendant is bound by the admission of the complete documents since parts thereof were clearly admissible. The state asserts that, even assuming *arguendo*, the automobile theft conviction was irrelevant, the defendant could not lead the trial court into error by insisting on the admission of evidence and later claiming error. The state further claims that by insisting that all three counts be introduced defendent must be deemed to have waived any alleged violation of 60-455.

K. S. A. 60-455 was enacted as a part of the new code of civil procedure (Laws of 1963, Chapter 303). The rule of evidence stated therein, as applied to criminal proceedings, has not materially changed the case law as it has developed in Kansas. (*State v. Wright*, 194 Kan. 271, 398 P. 2d 339.)

In essence, the general rule, as it came to be recognized, is that

evidence as to the commission of offenses by a defendant in a criminal case, not in anyway connected with that charged in the information, should be excluded from the jury. However, exceptions were recognized to the general rule. Generally, it became recognized that evidence which legitimately tends to support the charge or show the intent with which it is committed is not to be excluded on the ground it will prove other offenses. (*State v. Kirby*, 62 Kan. 436, 63 Pac. 752; *State v. Wright*, supra, and cases cited therein.) The exceptions are now enumerated in K. S. A. 60-455 as follows:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to sections 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

On the showing here, the prior automobile theft conviction, if opposed by a properly lodged objection, was inadmissible under our analysis in *State v. Wright*, supra, of the rule and exceptions as set out in the statute. The record here fails to show that the precise issue was ever framed in a manner so as to clearly call for a ruling of the trial court.

The record shows the state never intended to offer the automobile theft conviction, but only the two convictions for combined burglary and larceny as to which there was no objection as to dissimilarity or irrelevancy by defendant. In fact, the burglary and larceny counts, as described in the information, showed a method of operation similar in a number of respects with the evidence of the burglary and larceny charged against defendant herein. The state made no attempt to show the automobile theft conviction to be admissible under any of the enumerated exceptions of the statute since only the admission of the burglary and larceny convictions was proposed.

The colloquy between court and counsel discloses that the state was to read to the jury from the journal entry and information only those portions relating to the burglary and larceny counts and the balance pertaining to the automobile theft was to be "blocked out" before the documents were submitted to the jury. At this point, defendant's counsel stated his position to be that the documents must be admitted in their entirety or not at all. The trial court then went along with the insistence of defendant's counsel, but rec-

ognized the irrelevancy of the automobile theft conviction by immediately giving the jury an oral instruction to totally disregard it, followed by a written instruction to the same effect.

While the action of the trial court falls short of good practice, we do not believe, under the circumstances prevailing the procedure adopted amounted to reversible error.

We can only surmise as to the reason for the adoption of such procedure by defendant's counsel. Whether it was a trial tactic injected for fear the jury might be more unfavorably impressed by receiving a document partly "blocked out," than by being informed as to its total content and then instructed to disregard the irrelevant portion, or for some other purpose of trial strategy, we are not informed. Whatever the reason for taking his position, defendant cannot change it and thereby entrap the trial court in error. The manner in which defendant posed his objection here is insufficient to serve as a basis for establishing error requiring a new trial.

The previously established practice in this state is restated in K. S. A. 60-404 which provides in substance that no verdict shall be set aside or judgment based thereon be reversed because of erroneously admitted evidence unless the record reveals an objection timely interposed and *so stated as to make clear the specific ground* of objection. See also *State v. Jolly,* 196 Kan. 56, 410 P. 2d 267.

It appears defendant's objection was directed at the separation of the records of the prior convictions, rather than specifically to the admissibility of the automobile theft conviction.

The specification of an objection to evidence on one ground waives or estops the objector from making an objection on any other ground. (23A C. J. S., Criminal Law, § 1077, pp. 58 and 61; 53 Am. Jur., Trial, § 137, p. 121.)

If the intendment of defendant's objection was misconstrued by the trial court no effort to clarify the matter is revealed by the record. If defendant's actual complaint concerned the method proposed by the trial court in "blocking out" from the documents the automobile theft count, defendant could have called the court's attention to the matter and suggested another means of deleting the objectional portion concerning the automobile theft conviction.

The necessity of maintaining an objection until a ruling is had was noted in the recent case of *State v. Childs,* 198 Kan. 4, 422 P. 2d 898, where it was stated:

". . . Despite the objection, the defendant did not insist that the court

make a ruling thereon, and thus may be said to have waived his objection to the testimony. (53 Am. Jur., Trial, § 143.) . . ." (p. 11.)

On the basis of this record, we are of the opinion the trial court committed no reversible error in the particulars complained of by defendant.

The judgment is affirmed.