PER CURIAM.
The appellant was found guilty of first degree murder and sentenced to life imprisonment. Upon appeal the judgment was ultimately affirmed. See State v. Francois and Walker, Fla.1967, 197 So.2d 492. Subsequently certiorari was denied by the United States Supreme Court. See 390 U.S. 982, 88 S.Ct. 1102, 19 L.Ed.2d 1279. Thereafter relief was sought in the U.S. District Court. The District Court retained jurisdiction but directed appellant to proceed for relief in the Florida State Courts. A motion pursuant to Criminal Rule of Procedure 1.850 was filed in the Circuit Court and upon denial of the motion, this appeal followed.
Appellant presents two points upon appeal. The first point argues that appellant’s confession was involuntary under the “totality of circumstances doctrine”. The issue of the voluntariness of appellant’s confession has been decided adversely to him by the Supreme Court of Florida. See State v. Francois and Walker, Fla.1967, 197 So.2d 492. Therefore appellant’s contention that his confession was involuntary should not be reconsidered by this court.
Appellant’s second point urges that he was denied his constitutional right of confrontation and cross-examination because his own confession was given upon confrontation with the confession of a co-defendant and the co-defendant was later found mentally incompetent to stand trial. The facts in the record not only show that appellant voluntarily confessed that he was a participant in the crime but that he agreed to the truth of the facts stated in his co-defendant’s confession. Under these circumstances appellant may *520 not successfully urge that he was deprived of the right to confront his co-defendant at trial.
The admissability of the statement of the co-defendant did not rest upon the truth and veracity of the co-defendant but rested upon appellant’s adoption and agreement with the facts' recited. No issue of confrontation arose upon the adoption of the co-defendant’s statement. Cf. State v. Greer (Kan.1968) 202 Kan. 212, 447 P.2d 837. See also Roulette v. State, Mo.1970, reported in 451 S.W.2d 336.
Affirmed.