No. 46,919

STATE OF KANSAS, *Appellee*, v. BETTY JULIAN, a/k/a JOYCE BRYANT, *Appellant*.

(509 P. 2d 1123)

Opinion filed May 12, 1973.

*L. Joseph Smith,* of Redmond, Redmond and Smith, of Wichita, argued the cause and was on the brief for the appellant.

*James E. Rumsey,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

*Per Curiam:* This is an appeal from conviction of two counts of aggravated robbery arising out of a gas station holdup in Wichita on December 4, 1971. Two participants in the robbery had been tried on similar charges and convicted prior to appellant's trial.

Having abandoned one of her points, appellant relies in this court only upon the following alleged trial errors: (1) Denial of a free transcript of her preliminary hearing for purposes of cross-examination of trial witnesses, (2) Refusal of the trial court to furnish a free transcript of the testimony of two witnesses in the earlier trial of the other two participants in the robbery, and, (3) The admission at the trial of the preliminary hearing testimony of Mrs. Ruth Hartley, one of the victims named in the information.

As to point 1: Less than a month elapsed between the preliminary hearing and the trial. Appellant was represented in both by the same attorney. When the request was made for a free transcript the trial court, in denying it, suggested the court reporter could be called as a witness to read his notes of the preliminary hearing. Appellant failed, or refused, to take advantage of this available alternative. This court has found there is no absolute right to a transcript. The necessity for a transcript can be determined in the light of the availability of alternative devices which could fulfill the functions of a transcript. (*State v. Kelley,* 209 Kan. 699, 498 P. 2d 87.) The trial court did not err in overruling appellant's request.

As to point 2: What has been said above about the availability of alternatives is equally applicable to appellant's claimed need for a transcript of her codefendants' trial. In addition, appellant has

shown no prejudice. The proposed use of the transcript was to impeach the identification testimony of a witness by showing that at the prior trial he could not identify appellant when she was brought into the courtroom. In this trial he admitted this on the stand; hence, the impeachment was complete and the transcript would have been inadmissible. 58 Am. Jur., *Witnesses*, § 780.

As to point 3: It was suggested to the trial court that Mrs. Hartley suffered a heart condition at the time of her testimony at the preliminary hearing that the excitement of a jury trial might be seriously detrimental to her health. Mrs. Hartley's physician was carefully questioned, in chambers, by direct and cross-examination. He substantiated this suggestion. The trial court said he did not wish to put a citizen on to testify when it could kill her. He permitted the use of Mrs. Hartley's testimony at the preliminary hearing. (*State v. Washington*, 206 Kan. 336, 479 P. 2d 833.) The record does not disclose any abuse of discretion by the trial court.

Judgment affirmed.