No. 47,085

State of Kansas, *Appellee,* v. Malcolm E. Greene, *Appellant.*

(519 P. 2d 651)

Opinion filed March 2, 1974.

*Oneil Davis,* of Lewis & Davis, of Wichita, argued the cause, and *Chester I. Lewis,* of the same firm, was with him on the brief for the appellant.

*Clifford Bertholf,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* district attorney, and *Stephen M. Joseph,* of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: Defendant Malcolm Greene appeals from conviction of aggravated robbery (K. S. A. 1970 Supp. 21-3427, now K. S. A. 1973 Supp. 21-3427) and aggravated battery of a law enforcement officer (K. S. A. 1970 Supp. 21-3415, now K. S. A. 1973 Supp. 21-3415).

On December 26, 1970, at 9:00 p. m., two black males walked into the Taco Kid restaurant at 2065 East Central in Wichita and

ordered food. One of them pulled out a revolver and demanded money from John S. Dwyer, an employee. They were given more than one hundred dollars in a paper sack and they left the restaurant. Police Officer Herbert Kite observed the two black males in the Taco Kid and, being suspicious, stationed his patrol car one-half block north of the restaurant in an alley. He observed the two leave the restaurant. When they saw him they began running. He stopped them to question the contents of the sack and one of them shot him in the abdomen and chest. Officer Kite later identified his assailant from pictures as defendant Greene, and his companion as Arthur Rimmer, Jr. Complaints were filed against defendant on January 11, 1971, charging aggravated robbery and aggravated battery of a law enforcement officer.

The defendant is a resident of Kansas City, Missouri, and he was arrested there on January 12, 1971, following a high-speed car chase and an attempted escape on foot. He was booked by Kansas City, Missouri, authorities for failure to yield to emergency vehicles and carrying a concealed weapon. He was questioned about his whereabouts December 22, 1970, and he admitted he had been in Wichita on that date. He waived extradition.

On appeal, defendant contends he was improperly denied the right to determine whether probable cause existed for the issuance of the complaint and warrant by the preliminary judge, Daniel Dwyer, and was improperly denied such a hearing at the only time said hearing was relevant; i. e., at the preliminary stage of the case. The complaint as reproduced in the record was sufficient on its face, sworn to positively under oath before Magistrate Dwyer. When the crimes are charged substantially in the language of the statute, as these were, the requirements of the Fourth Amendment to the United States Constitution (Kans. Const. Bill of Rights, § 15), that no warrant shall be issued but on probable cause supported by oath or affirmation, are satisfied. (State v. Addington, 205 Kan. 640, 472 P. 2d 225; Holton v. Bimrod, 61 Kan. 13, 58 Pac. 558.) We find no abuse of discretion in the court's denial of a hearing on probable cause.

The defendant next challenges his conviction on ground the preliminary hearing magistrate refused to disqualify himself because of his kinship to one of the complaining witnesses. Magistrate Dwyer and John S. Dwyer, the robbed Taco Kid employee, are second cousins. Defendant contends the setting of bond at $100,000 was unreasonable and proves Magistrate Dwyer's bias

due to his kinship to the robbery victim. He moved at the preliminary hearing to have Magistrate Dwyer disqualify himself and contends denial of this motion was prejudicial error. Absent circumstances which of themselves would tend to cast doubt as to the fairness of whatever judgment might be pronounced, the question of bias or prejudice on the part of a court rests largely within the conscience of the court itself. *(Flannery v. Flannery,* 203 Kan. 239, 452 P. 2d 846.) We conclude the circumstances disclosed in this record do not justify a charge of bias or prejudice. It is interesting to note that the Rules Relating to Judicial Conduct, adopted January 1, 1974, require disqualification based upon kinship if counsel, party, or material witness in a proceeding is within the third degree of relationship calculated according to the civil law system. (Kansas Supreme Court Rules, Rules Relating to Judicial Conduct, Canon 3 C, 213 Kan. ix.) A second cousin is not within the proscribed degree of relationship. We find the magistrate did not err in refusing to disqualify himself.

The defendant next contends he has been prejudiced at trial and on appeal by the lack of a transcript of his preliminary hearing. He requested a transcript of the preliminary hearing be furnished him at state expense and this request was granted. Defendant, however, was then forced by circumstances to choose between a speedy trial and a transcript since the reporter could not have the transcript ready by the trial date. Defendant was unwilling to delay trial and so continued to trial without the transcript. The record shows the defendant, in effect, waived his right to a transcript by failing to move for a continuance.

The defendant was subsequently informed the transcript of the preliminary hearing would not be available for either trial or appeal because the reporter was not certified at the time the preliminary hearing was held. He contends he was denied equal protection and was prejudiced in preparing for trial and on appeal by lack of the transcript. He cites *Roberts v. LaVallee,* 389 U. S. 40, 19 L. Ed. 2d 41, 88 S. Ct. 194, and *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, for the proposition that it is a denial of equal protection under the Constitution if the indigent defendant is denied a free tanscript and the quality of his defense made to depend upon his financial status. We agree with these statements. The elusive transcript, however, was not denied because of lack of funds. It was merely unavailable. Defendant was represented by the same court-appointed counsel at both pre-

liminary hearing and trial. ,There is no indication the court reporter, even though not certified, could not have read her notes in court for the purpose of impeaching identifying witnesses. *(State v. Kelley,* 209 Kan. 699, 498 P. 2d 87; *State v. Julian,* 212 Kan. 169, 509 P. 2d 1123.)

The defendant contends, but fails to show, how he has been handicapped on appeal by lack of the transcript. The record before us has led to our previously set forth conclusions that the magistrate did not abuse his discretionary power in denying a hearing on probable cause to issue the warrant or in refusing to disqualify himself. We have reached these conclusions by accepting as true all statements, claims, and arguments of defendant as to what transpired at the preliminary hearing. We fail to see, and defendant does not explain, how a transcript could tell more.

The defendant next contends he was erroneously denied discovery of statements of identifying witnesses in prosecutor's file to use in lieu of the transcript of the preliminary hearing. It appears from the record that the motion either was not filed, or, if filed, was never pressed by defendant, and we find no merit to defendant's contention the trial court erroneously denied him discovery. *(State v. Scott,* 210 Kan. 426, 502 P. 2d 753.)

The defendant contends the trial court erred in finding the statements made by him to Kansas City Police Detective Smith were voluntary and admissible in rebuttal to his alibi defense. The record shows the trial court conducted a *Jackson v. Denno* hearing outside the presence of the jury to determine voluntariness. Detective Smith was questioned as to the circumstances under which the defendant was interviewed. He stated the defendant read the *Miranda*-type warnings printed on the interrogation form and signed a waiver. Defendant contends a notation by Detective Smith at the top of the form, that defendant "refused to make a statement", supercedes and nullifies his signing of the waiver; and all statements made to Detective Smith were involuntary and therefore inadmissible. The form is not reproduced in the record. The court, after hearing Detective Smith's explanation, interpreted the notation to mean that the defendant would not confess any part in the Wichita robbery and shooting. Defendant's other statements as to his activities during that time period were held voluntarily made without coercion and admissible for the purpose of rebutting his alibi.

The defendant further contended during the hearing that the

*Miranda* warnings on the interrogation form were insufficient because they did not contain the provision that all statements made by a suspect during interrogation *will* be used against him. The court held the word *may*, which was used on the interrogation form, is sufficient warning; and we affirm this after careful reading of the *Miranda* requirements. (*Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974.)

The testimony of Detective Smith was introduced in rebuttal to defendant's alibi evidence which makes the question of voluntariness immaterial. An accused's prior inconsistent statements, inadmissible in prosecution's case in chief pursuant to *Miranda* requirements, can properly be used on rebuttal to impeach accused's credibility. (*Harris v. New York,* 401 U. S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643.)

The defendant's final point on appeal contends the trial court erred in failing to instruct the jury as to the limited purpose for which evidence of other crimes or civil wrongs could be considered under K. S. A. 60-455. The record shows evidence of defendant's past wrongdoing was first introduced by defendant himself on direct examination. He admitted he had been convicted of grand larceny, that a pistol was taken from his car at the time he was arrested, and that he was on parole at the time of trial. Detective Smith, in his rebuttal testimony, testified defendant had been booked in the Kansas City, Missouri, jail at the time he was interviewed, but did not state the nature of the charge.

K. S. A. 60-455 attempts to protect defendants from evidence of past crimes introduced by the prosecution. The defendant's own admissions on direct examination waived the protection of that statute. (*State v. Scott,* supra; *State v. Patchett,* 203 Kan. 642, 455 P. 2d 580.) We see nothing wrong with the trial court's giving a proper limiting instruction on evidence of past crimes, even though the evidence of such crimes was first introduced by the defendant. Before failure to give such a limiting instruction can be considered as reversible error, however, it must be shown that defendant's rights were prejudiced to the extent a fair trial was not had. A search of the record before us fails to disclose the evidence of past crimes was used by the state in any manner prohibited by K. S. A. 60-455; therefore the trial court's failure to instruct was not reversible error.

We have carefully examined all the contentions raised on appeal and find no reversible error is shown.

The judgment is affirmed.