(613 P.2d 396)
No. 51,354
No. 51,732

STATE OF KANSAS, *Appellee,* v. EUGENE STREIT, *Appellant.*

Opinion filed July 11, 1980.

*Ross J. Wichman* and *Bruce W. Kent,* of Ryan, Kent, Wichman & Walter, Chartered, of Hays, for the appellant.

*John C. Herman,* assistant county attorney, *Robert T. Stephan,* attorney general, and *William Jeter,* county attorney, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: The defendant Eugene Streit appeals from three convictions rendered in the Ellis District Court of operating a motor vehicle while his driver's license was revoked, in violation of K.S.A. 8-262.

The issue to be decided is whether the district court erred by finding the defendant guilty of driving while his driver's license was revoked, in violation of K.S.A. 8-262.

On February 20, 1979, the defendant was found guilty by Judge Joseph Jeter in the Municipal Court of Hays of driving under the influence of intoxicating liquors, in violation of a municipal ordinance of Hays and K.S.A. 1979 Supp. 8-1567, and an additional charge which is not material herein. He was fined $125 and was granted a restricted driver's license to drive to and from work, while performing duties of employment and while seeking employment. K.S.A. 1979 Supp. 8-1567(*e*). This judgment was never reduced to a journal entry form, even though at least

two proposed journal entries were submitted to the judge for signature by defendant's counsel. No appeal was taken by the defendant in that case.

On May 16, July 20 and July 21, 1979, the defendant received traffic tickets for driving on a suspended license. At the trial of these charges, the complaints were amended to allege driving on a revoked license rather than a suspended license, in violation of K.S.A. 8-262.

At separate trials, the defendant was found guilty of driving on a revoked license and sentenced. Notice of appeal was filed by the defendant on October 19, 1979.

What classification of driver's license did defendant possess at the time of his arrests on May 16, July 20 and July 21, 1979? This question may be answered by determining the actions of the municipal judge at the trial on February 20, 1979. It is undisputed that the decision of the municipal judge was that of guilty of driving a motor vehicle while under the influence of intoxicating liquors, and defendant was sentenced in accordance with K.S.A. 1979 Supp. 8-1567(c) and (e). The court, *in lieu of revoking the defendant's driver's license,* entered an order placing conditions on the defendant's privilege of operating a motor vehicle. As stated above, this decision was not journalized and the defendant was never issued a restricted license by the Kansas Department of Revenue, Division of Vehicles.

In the recently decided case of *State v. Moses,* 227 Kan. 400, Syl. ¶¶ 2 and 3, 607 P.2d 477 (1980), the Supreme Court held that a judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence or imposes any combination of those alternatives, is effective upon pronouncement from the bench, and that the court's judgment and sentence in a criminal case does not derive its effectiveness from the journal entry, or from any act of the clerk; it is effective when announced.

Applying the principles set forth in *State v. Moses,* we find that the defendant was not driving on a revoked license in violation of K.S.A. 8-262. Therefore, defendant's convictions of driving while his license was revoked in the two cases on appeal are reversed and the defendant is discharged.