## UNITED STATES *v.* WEISSMAN ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

No. 391. Argued December 5, 1924.—Decided December 15, 1924.

The proviso of the Criminal Appeals Act "That no writ of error shall be taken by or allowed the United States in any case where there has been a verdict in favor of the defendant," applies to a verdict directed by the court before opening statement or introduction of evidence upon the ground that the indictment failed to charge an offense. P. 378.

Writ of error dismissed.

ERROR to the District Court under the Criminal Appeals Act.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for the United States.

*Mr. Benjamin Slade,* for defendants in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a writ of error taken by the United States under the Criminal Appeals Act of March 2, 1907, c. 2564; 34 Stat. 1246. The indictment is for a conspiracy to conceal assets in contemplation of the bankruptcy of Joseph Weissman, alleged to have continued up to and including

the day when a petition in bankruptcy was filed. There is also a count for concealing and causing to be concealed assets after the adjudication and the appointment of trustees. It is unnecessary to follow the vicissitudes and oscillations of the case before the time that the defendants in error were finally before a jury for trial. At that time the Court, after reciting to the jury some of the previous steps, stated that as it had concluded that the indictment was invalid because no offence was properly charged and therefore no valid conviction could be had, it would dispose of the case by directing a general verdict of not guilty. A verdict of not guilty was rendered, subject to exceptions, on which the Government seeks to come here.

Apart from other objections and without going further, the Government is met by the proviso in the Criminal Appeals Act: " That no writ of error shall be taken by or allowed the United States in any case where there has been a verdict in favor of the defendant." It is argued that the verdict is a nullity because nothing had been submitted to the jury, no evidence, not even an opening statement, and that the judgment should be treated as in substance sustaining a demurrer to the indictment or quashing it. It is hard to see what good this would do the Government, as even then, unless we go behind the judgment and what was said at the trial, and possibly in any event, the direction would seem to have been based on a construction of the indictment and not upon a construction of the statutes of the United States.

But we are of opinion that no such narrowing construction can be put upon the Criminal Appeals Act for the purpose of enlarging the Government's right of review. The words taken literally refer simply to the matter of fact that there " has been a verdict "—not qualified by any consideration of whether it was right or wrong. In like manner a writ of error from a judgment sustaining a special plea in bar is given only " when the defendant has

not been put in jeopardy." Furthermore if directing the verdict was wrong it certainly was not beyond the jurisdiction of the Court. The jury were there and the prisoners before them, and so far as jurisdiction is concerned it did not matter whether evidence had been put in or not. We stop at the point of jurisdiction, the want of which would be the only pretext that could be offered for going behind the literal meaning of the statute. But we do not mean to imply that an opening by counsel or the offer of evidence is necessary in order to justify directing a verdict of not guilty; there are other cases in which it is done.

It is suggested that the course adopted in this case offers to the lower court a means of escaping the review allowed by the act; and there is an innuendo that there was a desire of that sort below. But such considerations do not affect the construction of the act, and it is fair to say that while the judge should not have directed a verdict when he did so, and if he thought the indictment bad should have quashed it before the jury came in, and left the question in form to be taken up, still we see no sufficient reason for supposing that the direction was given with any notion of escaping the jurisdiction of this Court.

*Writ dismissed for want of jurisdiction.*