(635 P.2d 975)

No. 52,979

JAMES L. PROCKISH, *Appellee*, v. THE CITY OF STOCKTON, *Appellant*.

Petition for review denied January 15, 1982.

Opinion filed November 13, 1981.

*Robert Osborn,* city attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*Terry L. Cikanek,* of Hindman & Krysl, of Stockton, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. McLAUGHLIN, District Judge Retired, assigned.

SWINEHART, J.: This is an appeal by the respondent, City of Stockton, from a judgment of the district court of Rooks County granting the habeas corpus motion of petitioner, James L. Prockish.

On December 23, 1980, petitioner was arrested for speeding, disorderly conduct, and driving while intoxicated, by Officer Rod Moyer. Moyer was alone at the time of the arrest. Officer Bob Weltmer was present at the courthouse when the sobriety and blood alcohol tests were given to Prockish.

Before the trial on the DWI charge started, petitioner's attorney was informed by the city prosecutor that Moyer, the arresting officer, would not be testifying. Moyer had not been ordered to be there nor had he been subpoenaed.

The trial began, and the first witness for the City was Officer Weltmer. At the end of Weltmer's testimony, petitioner's attorney again inquired as to whether Moyer would appear in court. Again, the city prosecutor stated that Moyer was not going to be present. Thereupon, petitioner's attorney moved the court for an order

acquitting petitioner and dismissing the case due to lack of confrontation by an essential witness in violation of the Constitution. The motion was denied and the City was allowed to proceed with its case.

The City called two other witnesses and then called Officer Moyer. Apparently the chief of police had personally summoned Moyer to the court. Moyer testified and was cross-examined. The City then rested its case.

Prockish was found guilty by the court of driving while intoxicated, fined $150, given a 90-day restricted driver's license, and sentenced to a weekend in the county jail. The jail time was suspended.

Subsequent to the trial, petitioner's attorney made an oral motion to the municipal court to set aside the judgment. This motion was denied.

Prockish then brought this habeas corpus action in district court. The district court ruled in favor of Prockish and held that a municipal police judge is required to dismiss misdemeanor criminal charges against a defendant immediately upon being advised that the sole arresting officer would not be testifying at the trial.

Respondent City of Stockton contends that the district court incorrectly stated the law as it exists in Kansas. Respondent maintains that the municipal court did not err in refusing to dismiss the case against Prockish after the City had presented its first witness, even though the arresting officer was supposedly not going to testify. Respondent contends the city prosecutor was of the opinion that the City could prove its case without the testimony of the arresting officer. It was after the court's denial of petitioner's motion to dismiss when the city prosecutor realized that Moyer's testimony would be necessary. Moyer eventually testified and was cross-examined. Respondent contends that Prockish cannot claim that his right to confront witnesses against him has been violated since Moyer eventually testified. We concur; "[t]he right of confrontation is a trial right consisting essentially of the right of cross-examination of adverse witnesses and of having them appear and be judged upon their demeanor . . . ." *State v. Greer*, 202 Kan. 212, 214, 447 P.2d 837 (1968).

The real issue in this case is whether the trial court is required

to dismiss the case against Prockish at the moment it is established that an apparently indispensable witness is not going to testify. K.S.A. 22-3419 is the relevant statute. It states in part:

"(1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right."

A motion for judgment of acquittal is not proper until the close of the prosecution's evidence unless the basic facts of the case lead to the conclusion that the prosecution must fail regardless of the evidence to be introduced. *State v. Whorton,* 225 Kan. 251, 589 P.2d 610 (1979).

The general rule regarding whether a court should grant a motion for acquittal was initially stated in *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973):

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." Syl. ¶ 3

Under the facts of this case, we find that the district court erred in granting the habeas corpus based upon the failure of the municipal court to sustain a motion for acquittal prior to the conclusion of the City's case. The municipal court did not abuse its discretion by denying petitioner's motion and allowing the City to proceed with its case.

Reversed.