No. 100,233

STATE OF KANSAS, *Appellant*, v. CHESTER ROBERTS, III, *Appellee*.

(259 P.3d 691)

Opinion filed September 2, 2011.

*Amanda G. Voth*, assistant district attorney, argued the cause, and *Benjamin J. Fisher*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, were on the brief for appellant.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: In a pretrial ruling in this criminal case, the district court ruled that the defendant could not be charged with violating K.S.A. 2007 Supp. 65-4160(a), a drug severity level 4 felony, for possessing without a prescription a generic form of the prescription drug Lortab, a schedule III drug. The issue before us is whether the district court's ruling was a judgment of acquittal, which is an order the State cannot appeal, or was an order of dismissal, which is an order the State can appeal. We conclude the order was an order of dismissal because it was issued before jeopardy attached.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, Chester Roberts, III, was arrested for the unlawful possession of prescription drugs after he was found in possession of a single tablet of generic Lortab, a pain reliever containing acetaminophen and 5 milligrams of hydrocodone bitrate, for which he had no prescription. Under the version of the Uniform Controlled Substances Act in effect at that time, the State charged Roberts with one count of possession of hydrocodone in violation of K.S.A. 2007 Supp. 65-4160(a), a drug severity level 4 felony.

Roberts waived his preliminary hearing and formal arraignment and was bound over for trial. Then, he filed a pretrial motion to dismiss the charge, claiming the State would not be able to present any evidence that he possessed hydrocodone as a schedule II controlled substance, which he contended was required for a conviction under K.S.A. 2007 Supp. 65-4160(a). He essentially argued that K.S.A. 2007 Supp. 65-4160(a), which criminalizes, in part, the possession of "any opiates, opium or narcotic drugs," specifically applies to schedule II controlled substances and does not include schedule III "hydrocodone combination products," such as generic Lortab.

In response, the State did not dispute that Roberts possessed generic Lortab or that generic Lortab falls into schedule III because it is a compound composed of acetaminophen and a small amount of hydrocodone. In fact, the State's response to Roberts'

motion to dismiss included a copy of the forensic lab report of the Kansas Bureau of Investigation, which characterized the tested substance as "[h]ydrocodone in a schedule III preparation." The State did disagree with Roberts' legal argument, however, and asserted that K.S.A. 2007 Supp. 65-4160(a) criminalizes the possession of generic Lortab. (This same issue is being appealed in *State v. Collins*, No. 101,092, 2010 WL 596996 [Kan. App. 2010] [unpublished opinion], *rev. granted* January 10, 2011).

The district court accepted Roberts' argument and granted the motion to dismiss the felony charges. The district court then considered a motion to amend that the State had filed. In the motion to amend, the State, congruous with its argument that K.S.A. 2007 Supp. 65-4160(a) should be interpreted broadly, sought permission to amend the complaint to change the phrase "possess or have under his control an opiate drug, to-wit: Hydrocodone" into "possess or have under his control an opiate *narcotic* drug, to-wit: hydrocodone." The district judge did not permit the State to amend its complaint, stating:

"If the [S]tate wants to amend to a misdemeanor, they'll have that right. If they want to amend to a felony then the court will not grant the right.

. . . .

". . . If you want to refile it as a felony then I suspect another judge will rule on it, or I will rule on it if it comes back to me. If you [do not] file it as a misdemeanor, do not think that's appropriate, then your option is to file it as a felony . . . before a new judge."

*Court of Appeals' Decision*

The State appealed the district court's order of dismissal under K.S.A. 22-3602(b)(1), which permits the prosecution to take an appeal as a matter of right from "an order dismissing a complaint, information or indictment." See *State v. Roberts*, No. 100,233, 2009 WL 744410 (Kan. App. 2009) (unpublished opinion), *rev. granted* January 8, 2010. The State argued that the district court erred in its interpretation of K.S.A. 2007 Supp. 65-4160 and in dismissing the charge against Roberts.

In response, Roberts argued that (1) the State could not appeal the district court's dismissal because the court's order was equivalent to a judgment of acquittal from which an appeal is barred by

K.S.A. 21-3108(1)(b) and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and (2) even if the State's appeal was permissible, the district court did not err in dismissing the charge.

With regard to the jurisdiction issue, the Court of Appeals observed that under K.S.A. 21-3108(1)(a), a subsequent prosecution of a defendant is barred if the defendant was formerly prosecuted for the same crime, based on the same facts, if such former prosecution resulted in a conviction, acquittal, or determination that the evidence was insufficient to warrant a conviction. The Court of Appeals further recognized that a judgment of acquittal terminates a prosecution and double jeopardy principles bar further proceedings against the defendant for that offense, but jeopardy must have attached for the prosecution to be precluded. *Roberts*, 2009 WL 744410, at *2.

The Court of Appeals noted that a defendant is generally not in jeopardy in a case tried to the district court until the court begins to hear evidence. It then pointed out that, although before dismissing the criminal complaint in the present case the district court made the factual finding that the drug, generic Lortab, was a schedule III controlled substance, the district court heard no witness testimony and ruled "solely based upon Roberts' motion to dismiss and the State's response." *Roberts*, 2009 WL 744410, at *2. Consequently, the panel found that jeopardy did not attach and there was no Fifth Amendment violation preventing further prosecution of Roberts' alleged offense. *Roberts*, 2009 WL 744410, at *2.

With regard to the merits of the district court's decision to dismiss the criminal complaint, the Court of Appeals simply affirmed. No legal analysis was provided. The Court of Appeals gave the following succinct holding: "We affirm the district court's decision of dismissal. The dismissal is not an acquittal; therefore, double jeopardy did not attach." *Roberts*, 2009 WL 744410, at *3.

This court granted the petition for review filed by Roberts, in which he raises the sole issue of whether the State was barred from appealing the district court's order of dismissal because the order was equivalent to a judgment of acquittal. Roberts contends the district court acquitted him of the charge; therefore, K.S.A. 21-

3108(1)(a) and double jeopardy principles would bar the State from appealing the district court's decision and from prosecuting Roberts a second time for the same act (possession of hydrocodone).

The defense's request for dismissal of the charge was granted in Roberts' favor and affirmed by the Court of Appeals. Therefore, Roberts does not request this court's review of that issue, and the State did not file a cross-petition for review. Consequently, the underlying merits of this case, *i.e.*, whether the district court erred in dismissing the complaint and in making the legal conclusion that felony possession under K.S.A. 2007 Supp. 65-4160(a) does not include schedule III hydrocodone, are not before this court.

Our jurisdiction arises from K.S.A. 22-3602(e) (petition for review) and K.S.A. 20-3018(b) (same).

## ANALYSIS

Roberts frames his argument as one of appellate jurisdiction, arguing the State only has the right to appeal the district court's pretrial order if it is a dismissal of the complaint pursuant to K.S.A. 22-3602(b)(1) and the State cannot appeal an acquittal.

### *Standard of Review*

Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. See *State v. Legero*, 278 Kan. 109, 111, 91 P.3d 1216 (2004). Hence, we must examine the statutory authority for the State's appeal in order to resolve the issue raised by Roberts. The interpretation of statutes and the determination of jurisdiction involve questions of law over which this court's scope of review is unlimited. *State v. McDaniel*, 292 Kan. 443, 444-45, 254 P.3d 534 (2011).

The statute on which the State brought its appeal is K.S.A. 22-3602, which provides, in part:

"(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
(1) *From an order dismissing a complaint, information or indictment*;
(2) from an order arresting judgment;
(3) upon a question reserved by the prosecution; or

"(4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993, in any case involving an off-grid crime." (Emphasis added.)

From the face of Roberts' motion, which was labeled as a motion to dismiss, and the district court's order, which was labeled as an order of dismissal, it seems apparent that the State had a right to appeal the decision under K.S.A. 22-3602(b)(1). Roberts argues, however, that the court's order was the equivalent of a judgment of acquittal rather than an order of dismissal.

*Order of Dismissal or Judgment of Acquittal?*

The distinction between an order of dismissal and a judgment of acquittal is critical to our resolution of this appeal. While K.S.A. 22-3602(b)(1) grants the State the right to appeal an order dismissing a complaint, information, or indictment, the State does not have the right to appeal a judgment of acquittal. *E.g., State v. Crozier*, 225 Kan. 120, 122, 587 P.2d 331 (1978); *State v. Gustin*, 212 Kan. 475, 480, 510 P.2d 1290 (1973). This court explained in *Gustin* that this rule arose because "[a]ppellate review of the decision after acquittal would constitute double jeopardy. (*Kepner v. United States*, 195 U.S. 100, 49 L. Ed. 114, 24 S. Ct. 797 [1904].)" *Gustin*, 212 Kan. at 480. This prohibition derives from the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "[T]he 'controlling constitutional principle'" underlying the Double Jeopardy Clause is the "prohibition[ ] against multiple trials." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977) (quoting *United States v. Wilson*, 420 U.S. 332, 346, 95 S. Ct. 1013, 43 L. Ed. 2d 232 [1975]); see Kan. Const. Bill of Rights, § 10 ("No person shall be a witness against himself, or be twice put in jeopardy for the same offense.").

Although these principles make it clear that the State cannot appeal from a judgment of acquittal that implicates the Double Jeopardy Clause, the "distinction between a judgment of acquittal or of dismissal is often not easily determined." *State v. Beerbower*,

262 Kan. 248, 252, 936 P.2d 248 (1997). As we examine our prior case law for guidance on how to make the distinction, one point has been repeatedly stated: It does not matter how a party or a district court labels a motion or order; that characterization does not control. See *State v. Whorton*, 225 Kan. 251, 254, 589 P.2d 610 (1979) (citing *United States v. Scott*, 437 U.S. 82, 95-96, 98 S. Ct. 2187, 57 L. Ed. 2d 65 [1978]; *Martin Linen Supply Co.*, 430 U.S. at 571; *Wilson*, 420 U.S. at 336; *United States v. Jorn*, 400 U.S. 470, 478 n.7, 91 S. Ct. 547, 27 L. Ed. 2d 543 [1971]); *Beerbower*, 262 Kan. at 252-53. Hence, our ruling cannot be based on Roberts' request for a dismissal or on the district court's reference to the ruling as an order of dismissal.

Rather, as we will discuss, the applicable statutes and cases define an acquittal that cannot be appealed by the State as a judgment that (1) resolves a factual element (2) after jeopardy has attached.

*Resolution of Factual Elements*

The first aspect of this statement is the requirement that a judgment of acquittal be " 'a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *Whorton*, 225 Kan. at 254 (quoting *Scott*, 437 U.S. at 97); see *Kansas Law Review Criminal Procedure Survey*, 58 Kan. L. Rev. 1311, 1412 (June 2010) ("Judgments of acquittal resolve some or all of the factual elements of the case, and the law protects defendants from double jeopardy by preventing the prosecution from appealing these judgments."); 15B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3919.6, p. 690 (2d ed. 1992) ("[T]he fact that the order is characterized as an acquittal does not defeat appeal if it does not rest on factual determination of an element of guilt or innocence.").

This general statement is supported by the Kansas statute that authorizes judgments of acquittal, K.S.A. 22-3419, which provides in pertinent part:

"(1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed *if the evidence is insufficient to sustain a conviction of such crime or crimes.* If a defendant's motion for judgment of acquittal at the close of the evidence offered by the

prosecution is not granted, the defendant may offer evidence without having reserved the right." (Emphasis added.)

This court emphasized the requirement imposed by the italicized language in its analysis of whether the order at issue in *Whorton*, 225 Kan. 251, was an order of dismissal or acquittal. There, the defendant was charged with 16 counts of felony theft for depositing checks made to the order of a corporate entity, Bi-Agra Association, into a bank account opened by the defendant in the name of an unrelated but similarly named corporate entity, Bi-Agra of America Association. During the trial, the defendant moved for a judgment of acquittal after the jury began hearing testimony from one witness.

In deciding the motion, the district court heard counsels' arguments outside the presence of the jury. The parties stipulated that a total of 14 corporations using as a part of their name "Bi-Agra" and "Association" were in existence and chartered in the state of Kansas. Defense counsel argued that since the individual check drawees, who were endorsed as witnesses, had been stricken from the amended complaint, the State could not prove ownership of the checks in the proper Bi-Agra Association because officers of the 14 various "associations" were not endorsed as material witnesses. The district court granted the defendant's "motion to dismiss," stating the charges were not specific enough to allow for an adequate defense.

On appeal, this court took note of the contention that the district court based its decision on a review of the checks offered as evidence, as well as the stipulations concerning the existence of numerous associations bearing the name Bi-Agra. The *Whorton* court concluded that the determination of *which* Bi-Agra Association owned the checks involved questions of fact. Consequently, this court concluded that "the trial court, correct or not, did resolve factual issues in the instant case." *Whorton*, 225 Kan. at 254. This was significant because "where a motion to dismiss challenges the sufficiency of the evidence, the proper motion should be for a judgment of acquittal." *Whorton*, 225 Kan. at 254 (citing *United States v. Ambers*, 416 F.2d 942 [5th Cir. 1969], *cert. denied* 396 U.S. 1039 [1970]).

## Jeopardy

The second aspect of the definition of a judgment of acquittal—the requirement that jeopardy has attached—is both substantive and temporal. This requirement is not clearly stated in K.S.A. 22-3419. Rather, the only temporal reference in K.S.A. 22-3419 indicates the district court may order the entry of judgment of acquittal "after the evidence on either side is closed." Although this statutory language does not explicitly tie into the concept of jeopardy, the concept is implied by the temporal reference because jeopardy protections attach only "when a jury is [i]mpaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *Martin Linen Supply Co.*, 430 U.S. at 569; see *Serfass v. United States*, 420 U.S. 377, 391, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975) ("'[J]eopardy does not attach until a defendant is 'put to trial before the trier of the facts.' '"); *State v. Ruden*, 245 Kan. 95, 99, 774 P.2d 972 (1989) ("In a jury trial, jeopardy attaches when a jury is impaneled and sworn"; "[i]n a bench trial, jeopardy attaches when the first witness is sworn."). Consequently, if the order is entered after the close of one party's evidence, jeopardy would have attached.

Yet, despite the statutory reference to the close of evidence, in *Whorton*, the court determined that an order entered during the testimony of the first trial witness was a judgment of acquittal. The *Whorton* court acknowledged the language in K.S.A. 22-3419 but noted that legal commentary on the federal counterpart of this statute, Rule 29(A) of the Federal Rules of Criminal Procedure, has not placed a narrow construction on such language:

" 'Despite what appears to be the clear language of the rule, judgment of acquittal may be ordered even before the government has closed its case if the basic facts lead inescapably to a conclusion that the prosecution must fail regardless of whatever evidence may be introduced.' " *Whorton*, 225 Kan. at 255 (quoting 2 Wright & Miller, Federal Practice and Procedure: Criminal § 462, p. 244 [1969]).

Further, the court noted, judgments of acquittal have been rendered in federal courts before the close of the prosecution's case where the government's opening statement shows it has no case. *Whorton*, 225 Kan. at 255 (citing *United States v. Dietrich*, 126 F.

676, 677-78 [C.C.D. Neb. 1904] [directed verdict for defendant proper after government admitted a fact during its opening statement that precluded conviction]; Annot., 75 A.L.R.3d 649 [1977] [power of district court to dismiss prosecution or direct acquittal on basis of prosecutor's opening statement]). A judgment of acquittal has also been entered after the defendant was "before a jury for trial" but before opening statements where basic facts lead to the conclusion the prosecution must fail regardless of the evidence to be introduced. *Whorton*, 225 Kan. at 255 (citing *United States v. Weissman*, 266 U.S. 377, 45 S. Ct. 135, 69 L. Ed. 334 [1924] [district court found indictment was invalid because no offense was properly charged; directed verdict granted before opening statements and introduction of evidence was not appealable]; *United States v. Maryland Cooperative Milk Prod.*, 145 F. Supp. 151, 152 [D.D.C. 1956] [granting defendant's motion for acquittal which was brought after opening statements were made and immediately following the admission into evidence of the "stipulation of facts" previously agreed upon by counsel]); see Note, *Mandamus to Review Judgments of Acquittal in Federal Courts*, 71 Yale L.J. 171, 172-73 (1961) (stating that "judgments of acquittal have been rendered before the close of the prosecution's case where the government's opening statement shows that it has no case, or where the government's own evidence indicates the existence of an iron-clad defense").

Relying on the federal courts' rationale, the *Whorton* court concluded that the defendant's motion for judgment of acquittal was timely under the facts despite its coming before the close of either party's evidence. *Whorton*, 225 Kan. at 255; *cf. City of Salina v. Amador*, 279 Kan. 266, 275-77, 106 P.3d 1139 (2005) (dismissal of charges had been made prior to district court hearing any evidence or swearing any witnesses, so jeopardy did not attach); *Prockish v. City of Stockton*, 6 Kan. App. 2d 841, Syl. ¶ 2, 635 P.2d 975 (1981), *rev. denied* 230 Kan. 819 (1982) ("A motion for judgment of acquittal is not proper until the close of the prosecution's evidence unless the basic facts of the case lead to the conclusion that the prosecution must fail regardless of the evidence to be introduced.").

The *Whorton* court did not specifically state that jeopardy had to have attached, but this court clarified that requirement in the subsequent case of *Ruden*, 245 Kan. 95. The *Ruden* court noted that in *Whorton* the court had recognized the double jeopardy implications of acquittal, stating that " 'a judgment of acquittal, correctly or incorrectly arrived at, terminates the prosecution, and the double jeopardy clause of the Fifth Amendment bars further proceedings against the defendant.' [Citations omitted.]" *Ruden*, 245 Kan. at 99 (quoting *Whorton*, 225 Kan. at 255). The *Whorton* court did not need to focus further on this aspect, however, because jeopardy had clearly attached and the pivotal aspect was whether the court's ruling was a resolution of factual elements.

In contrast, in *Ruden*, 245 Kan. at 97, the State was appealing from a pretrial order, which the district court had labeled as a "judgment of acquittal." On appeal, the State argued that the district court's action should be classified as a dismissal of the complaint and, therefore, this court had jurisdiction to consider the appeal under K.S.A. 22-3602(b)(1). This court agreed, despite the district court's characterization of its order as a judgment of acquittal. At several points in the analysis, the *Ruden* court emphasized that the timing was determinative. For example, the court stated:

"A main component of the judgment of acquittal is its prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. 8A Moore's Federal Practice ¶ 29.08 (2d ed.1989). The Kansas cases that have allowed a motion for judgment of acquittal to bar an appeal have involved a situation in which the trial has begun and jeopardy has attached." *Ruden*, 245 Kan. at 99.

Then, in stating its holding, the court succinctly concluded: "Because jeopardy had not attached, a judgment of acquittal was not appropriate." *Ruden*, 245 Kan. at 100.

*Roberts' Arguments*

With this background in mind, we turn to the specifics of Roberts' arguments, which are: (a) The district court's order of dismissal was the functional equivalent of an acquittal; (b) the Court of Appeals erred in characterizing the district court's ruling as one

based on legal, rather than factual, determinations; and (c) K.S.A. 21-3108(1)(b) prevents a subsequent prosecution in this case so the order must be considered a judgment of acquittal.

a. *Equivalent of Acquittal*

In the first of these arguments, Roberts suggests that even if jeopardy did not attach, the district court's order was the "equivalent of acquittal" because the district court resolved factual questions regarding the chemical makeup of the drug that Roberts possessed. A similar argument was rejected by the United States Supreme Court in *Serfass*, 420 U.S. 377.

In *Serfass*, the Court considered whether a pretrial motion to dismiss an indictment was an appealable order. The Court first explained that under 18 U.S.C. § 3731 (1970), which defined federal appellate jurisdiction in criminal cases, the government had a right to appeal "so long as further prosecution would not be barred by the Double Jeopardy Clause." *Serfass*, 420 U.S. at 387. Hence, the federal statute, see 18 U.S.C. § 3731 (2006), expressly states the limitation that this court has imposed on Kansas appellate jurisdiction through case law. See *Crozier*, 225 Kan. at 122; *Gustin*, 212 Kan. at 480. Using the bright line of whether jeopardy had attached, the *Serfass* Court held the government could appeal the order because Serfass had not been put to trial before a trier of facts. The Court noted Serfass had not waived his right to a jury trial and, at the time of the motion hearing, the district court did not have jurisdiction to do more than grant or deny the motion to dismiss; it did not have jurisdiction to determine whether Serfass was innocent or guilty. *Serfass*, 420 U.S. at 389.

The Supreme Court then considered Serfass' argument that the ruling was based on evidentiary facts outside of the indictment and was the " 'functional equivalent of an acquittal on the merits' " and " 'constructively jeopardy had attached.' " *Serfass*, 420 U.S. at 390. The Court explained the argument further, stating:

"The argument is grounded on two basic and interrelated premises. First, petitioner argues that the Court has admonished against the use of 'technicalities' in interpreting the Double Jeopardy Clause, and he contends that the normal rule as to the attachment of jeopardy is merely a presumption which is rebuttable in cases where an analysis of the respective interests of the Government and the

accused indicates that the policies of the Double Jeopardy Clause would be frustrated by further prosecution. [Citation omitted.] Second, petitioner maintains that the disposition of his motion to dismiss the indictment was, in the circumstances of this case, the 'functional equivalent of an acquittal on the merits,' and he concludes that the policies of the Double Jeopardy Clause would in fact be frustrated by further prosecution. [Citation omitted.]" *Serfass*, 420 U.S. at 390.

The Court rejected both premises and the argument, explaining:

"It is true that we have disparaged 'rigid, mechanical' rules in the interpretation of the Double Jeopardy Clause. [Citation omitted.] However, we also observed in that case that 'the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial.' [Citation omitted.] Implicit in the latter statement is the premise that the 'constitutional policies underpinning the Fifth Amendment's guarantee' are not implicated before that point in the proceedings at which 'jeopardy attaches.' [Citation omitted.] As we have noted above, the Court has consistently adhered to the view that jeopardy does not attach until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.' [Citation omitted.] This is by no means a mere technicality, nor is it a 'rigid, mechanical' rule. It is, of course, like most legal rules, an attempt to impart content to an abstraction." *Serfass*, 420 U.S. at 390-91.

The Court further explained that if a motion to dismiss is granted before trial the defendant is not " 'subjected to the hazards of trial and possible conviction' " and an appeal by the United States would not mean that the prosecutor would have the opportunity " 'to persuade a second trier of fact of the defendant's guilt after having failed with the first.' [Citations omitted.]" *Serfass*, 420 U.S. at 391.

According to the Supreme Court, the second premise that the motion to dismiss was the " 'functional equivalent of an acquittal on the merits,' and [Serfass'] conclusion that the policies of the Double Jeopardy Clause would be frustrated by further prosecution in his case need not, in light of the conclusion we reach above, long detain us." *Serfass*, 420 U.S. at 392. The Court recognized the focus in case law on whether there was an " 'acquittal' " but then stated:

"[T]he language of cases in which we have held that there can be no appeal from, or further prosecution after, an 'acquittal' cannot be divorced from the procedural context in which the action so characterized was taken. [Citation omitted.] The word itself has no talismanic quality for purposes of the Double Jeopardy Clause. Compare *United States v. Oppenheimer*, 242 U.S. 85, 88[, 37 S. Ct. 68, 69, 61 L.

Ed. 161] (1916), with *United States v. Barber*, 219 U.S. 72, 78[, 31 S. Ct. 209, 55 L. Ed. 99] (1911), and *United States v. Goldman*, 277 U.S. 229, 236-237[, 48 S. Ct. 486, 72 L. Ed. 862] (1928). In particular, it has no significance in this context unless jeopardy has once attached and an accused has been subjected to the risk of conviction." *Serfass*, 420 U.S. at 392.

Finally, the Court distinguished its prior decision in *United States v. Brewster*, 408 U.S. 501, 92 S. Ct. 2531, 33 L. Ed. 2d 507 (1972), in which the Court held that "an appeal does not lie from a decision that rests, not upon the sufficiency of the indictment alone, but upon extraneous facts. If an indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available. [Citation omitted.]" *Brewster*, 408 U.S. at 506. Although *Brewster* supported Serfass' (and Roberts') argument, the *Serfass* Court rejected its application, noting that *Brewster* was based on a prior version of the federal statute and "was not concerned with the constitutional question" of whether double jeopardy would bar the appeal. *Serfass*, 420 U.S. at 393. Under the applicable statute regarding federal criminal appeals, the Court concluded jeopardy must also have attached before the State's appeal would be barred. *Serfass*, 420 U.S. at 393 (accused must suffer jeopardy before suffering double jeopardy).

This conclusion undercuts Roberts' argument, which essentially asserts that meeting the first prong of the definition of "acquittal" is sufficient to bar an appeal. Like the revised federal statute applied in *Serfass*, the Kansas prohibition against the appeal of a judgment of acquittal is based on double jeopardy considerations. Consequently, the order must meet the second prong as well or there is no bar to the State's appeal.

That does not mean that the first factor—a determination of the sufficiency of the evidence—is irrelevant, however. As the Supreme Court reiterated after the *Serfass* decision: "[A] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *Scott*, 437 U.S. at 97 (quoting *Martin Linen Supply Co.*, 430 U.S. at 571). Hence, an order entered midtrial—*i.e.*, after jeop-

ardy has attached—is not a judgment of acquittal if it is not based on a finding that the evidence is insufficient.

### b. *Characterization as Factual*

Even though the order at issue in this appeal was entered before trial, Roberts dismisses the jeopardy aspect and focuses on whether the district court's order resolved factual elements. Specifically, Roberts asserts that the Court of Appeals improperly characterized the district court's order as resolving only an issue of law, rather than factual issues. Related to this argument, through a notice of additional authority pursuant to Supreme Court Rule 6.09(b) (2010 Kan. Ct. R. Annot. 48), Roberts points us to another Court of Appeals' decision, *City of Wichita v. Bannon*, 42 Kan. App. 2d 196, 209 P.3d 207 (2009), *pet. for rev.* filed July 20, 2009 (pending), in which he thinks the Court of Appeals made a similar mischaracterization.

We need not sort through this argument, however, because, regardless of whether the district court resolved some or all of the factual elements of the offense, jeopardy had not attached. Roberts' case had been set for jury trial, but the motion was granted before the trial date. We see no indication in the record on appeal that Roberts had waived his right to a jury trial and, at the time of the motion hearing, the district court did not have jurisdiction to do more than grant or deny the motion to dismiss.

### c. *K.S.A. 21-3108(1)(b)*

Finally, Roberts suggests a different conclusion is compelled in Kansas because the Kansas Legislature has recognized that there can be an acquittal before a trial. He points to K.S.A. 21-3108(1)(b), which bars trying the case "in a subsequent prosecution" if a first attempt "[w]as terminated by a final order or judgment, *even if entered before trial*, which required a determination inconsistent with any fact necessary to a conviction." (Emphasis added.)

This provision, which is based on the American Law Institute's Model Penal Code § 1.09(2) (1985) (adopted May 24, 1962), codifies the principle of res judicata and has its source in the United States Supreme Court's decision of *United States v. Oppenheimer*,

242 U.S. 85, 37 S. Ct. 68, 61 L. Ed. 161 (1916); see *State v. Lee*, 210 Kan. 753, 756, 504 P.2d 202 (1972) (discussing legislative history and noting the subsection "expressly codifies the principle of res judicata in criminal cases"); *Com. v. Stephenson*, 82 S.W.3d 876, 885-86 (Ky. 2002) (discussing substantially similar provision and noting source is Model Penal Code and *Oppenheimer*). In *Oppenheimer*, the defendant was reindicted for the same offense that had been dismissed because the statute of limitations barred the prosecution. In the second prosecution, the defendant raised the defense of double jeopardy, and the State countered that the question was an issue of res judicata which does not apply in criminal cases. The Court agreed with the State that the defendant had made an argument based on res judicata rather than double jeopardy principles. However, the Court disagreed with the argument that the doctrine of res judicata does not apply to criminal proceedings. See *Oppenheimer*, 242 U.S. at 87-88.

Clearly, the effect of *Oppenheimer* and K.S.A. 21-3108(1)(b) is to bar a subsequent prosecution, but that is a different situation from the question of whether double jeopardy principles would bar the State from challenging a pretrial ruling on appeal. Roberts does not cite any opinion in which a court has held that the State cannot appeal from an order that the State seeks to overturn. There is authority that is contrary to Roberts' position, however.

Specifically, courts in other jurisdictions that have the same statutory provision have indicated that to avoid the application of res judicata in the subsequent prosecution, " 'a timely amendment of the order of dismissal *or an appeal* from that order was required. Upon [the government's] failure to take steps to obtain such relief, the order of dismissal became final and subsequent litigation was thereby barred.' " (Emphasis added.) *Stephenson*, 82 S.W.3d at 885; see also *People v. Newell*, 83 Ill. App. 3d 133, 137, 403 N.E.2d 775 (1980) (noting that even though pretrial order in first prosecution might have been erroneous, "that issue was not raised in timely appeal" and subsequent prosecution was barred). In other words, consistent with the doctrine of res judicata, the order of dismissal would not be final until the opportunity for an appeal had expired or was exhausted; only then would the order have preclu-

sive effect. See K.S.A. 60-2105 (An appellate "court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken."); *State v. Flores*, 283 Kan. 380, 384, 153 P.3d 506 (2007) ("Res judicata requires prior final judgment on the merits."). Implicitly, these courts recognize a right to appeal the order of dismissal.

These decisions are consistent with the *Serfass* holding, *i.e.*, that the right to appeal is impacted only if jeopardy has attached. It is particularly noteworthy that the Court in *Serfass*, as quoted above, cited to *Oppenheimer* in its analysis. *Serfass*, 420 U.S. at 392. Yet, the Court did not suggest that the holding in *Oppenheimer* prevented the government's appeal of the order at issue in *Serfass*. Instead, it cited *Oppenheimer* for the proposition that the word " 'acquittal' " has no "talismanic quality" and then reiterated that the critical point is whether jeopardy has attached. *Serfass*, 420 U.S. at 392.

As a result, we conclude that K.S.A. 21-3108(1)(b) does not preclude the State from appealing an order of dismissal if the appeal is otherwise statutorily authorized.

In summary, under the facts of this case where an order of dismissal was entered before trial, meaning before jeopardy had attached, the order was not a judgment of acquittal and the State's appeal was not barred by the Double Jeopardy Clause.

Judgments of the Court of Appeals and the district court on the issue subject to our review are affirmed.

JAMES A. PATTON, District Judge, assigned.