NOT DESIGNATED FOR PUBLICATION

No. 121,091

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARSHALL LEE CELESTINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed February 12, 2021. Conviction reversed and sentence vacated.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: Marshall Lee Celestine appeals his conviction after a bench trial for criminal possession of a firearm by a convicted felon. Celestine raises other claims of error, but, for the reasons set out below, we decline to address those issues. After a careful review of the record, we find the State failed to establish beyond a reasonable doubt Celestine was in possession of a firearm at the time the previous crimes occurred in 1975. Thus, we reverse his conviction and vacate his sentence.

FACTS

In August 2018, Overland Park Police Officer Brian Caniglia participated in a briefing prior to starting his patrol where he was told to be on the lookout for a green Honda Accord with a specific Missouri license plate and Celestine. It was thought Celestine was in the vehicle and the Kansas City, Missouri Police Department wanted to question him about a homicide in Missouri. During his patrol, Caniglia found a vehicle matching the green Honda Accord in a Walmart parking lot in Overland Park.

After he verified the license plate information, Caniglia advised dispatch he found the vehicle. Once backup arrived, Caniglia approached the passenger side of the vehicle to see whether anyone was inside and noticed there was a person, later identified as Celestine, asleep in the driver's seat. When Caniglia was near the passenger window, Celestine awoke and started waving around a handgun. Caniglia told Celestine to put the gun down, but Celestine did not follow Caniglia's directions. A tactical team was called to resolve Celestine's refusal to follow Caniglia's directions.

Overland Park Police Officer Nicholas Berkland was the crisis negotiator called to the scene. Berkland communicated with Celestine and learned Celestine was concerned about being found with a firearm in his possession based on a previous felony conviction. Eventually, Celestine agreed to get out of the vehicle and was taken into custody. He left the firearm in the car, and it was secured by Detective Donald Snyder.

Celestine was charged with criminal possession of a firearm by a convicted felon in violation of K.S.A. 2018 Supp. 21-6304, with robbery and aggravated battery as the previous felonies.

Celestine waived his right to a jury trial. At his bench trial, the State filed an amended complaint. The State explained that "the person felony was incorrectly listed as

2

robbery and aggravated battery" in the original complaint, when it should have listed "aggravated battery, kidnapping and aggravated kidnapping to comport with Exhibit 8 which was the certified copy of Mr. Celestine's convictions from Sedgwick County."

In addition to the testimony of Caniglia, Berkland, and Snyder provided above, the State admitted the firearm and ammunition taken from Celestine's vehicle. The State also called Kyla Skinner, an employee of the Kansas City, Missouri Police Department Crime Laboratory, to testify as an expert in firearms examination. Skinner testified the firearm found with Celestine was a functional F.I.E. .38 Special revolver.

The final piece of evidence the State offered was the 1975 journal entry of conviction, which indicated Celestine "was found guilty of three counts of aggravated battery, three counts of kidnapping and one count of aggravated kidnapping on August 18th, 1975." The State rested after it asked the district court to take judicial notice of the aggravated battery, kidnapping, and aggravated kidnapping statutes as they existed in 1975. Celestine did not call any witnesses or present any evidence. The district court then invited arguments.

The State, during its short closing argument, said, "[T]he evidence speaks for itself and I would just ask that you find Mr. Celestine guilty . . . ." Celestine responded the State failed to prove he possessed a weapon during the commission of his 1975 crimes, a required element under K.S.A. 2018 Supp. 21-6304(a)(1), and asked the district court to dismiss the case. The State replied the district court could find Celestine guilty based on the journal entry, but Celestine argued the 1975 felonies could have been committed in ways other than by the use of a firearm. Celestine also argued that, in accordance with Pattern Instructions for Kansas (PIK) Crim. 4th 63.040 (2014 Supp.), the State had to show Celestine was in possession of a firearm at the time his previous crimes were committed. Ultimately, the district court did not rule on the pending motion to dismiss, took the matter under advisement, and scheduled another hearing.

3

Prior to the scheduled hearing, the State filed a motion to reopen its case. The State argued the district court was permitted to reopen the case based on our Supreme Court's decision in *State v. Murdock*, 286 Kan. 661, Syl. ¶¶ 4-5, 187 P.3d 1267 (2008). The State also attached two exhibits to the motion, one of which was a copy of the original complaint from the 1975 case. The complaint revealed, among other things, that Celestine was armed with a "Browning 6-millimeter automatic pistol and a Ruger .22 caliber automatic pistol" when the previous offenses were committed. Celestine filed a response to the State's motion to reopen case, objecting to the State's request.

At the hearing on the State's motion to reopen the case, the State largely relied on the motion it filed and said it was surprised it was able to get the complaint from the original case because it was so old. Celestine argued the district court should deny the State's request based on the timeliness and prejudice factors outlined in *Murdock*. The district court found the decision to reopen the State's case was a discretionary call and granted the State's motion without addressing Celestine's pending motion to dismiss. The complaint was also admitted into evidence over Celestine's objection.

After doing so, the district court gave Celestine the opportunity to request a continuance to respond to the State's newly admitted evidence, but he declined the opportunity. Both the State and Celestine presented closing arguments. Thereafter, the district court found Celestine guilty and, at sentencing, imposed a sentence of 14 months' imprisonment based on his criminal history score.

ANALYSIS

On appeal, Celestine now raises five issues for us to resolve: (1) The district court acquitted him when it concluded the State failed to prove he possessed a firearm during the commission of his prior felony convictions; (2) the district court erred when it failed to rule on his motion for dismissal/acquittal before taking the case under advisement and

4

eventually allowing the State to reopen its case; (3) the district court abused its discretion when it granted the State's motion to reopen the case; (4) there was insufficient evidence to convict him; and (5) the statute prohibiting a person previously convicted of a felon from possessing a firearm is unconstitutional because it violates section Four of the Kansas Constitution Bill of Rights.

*The district court, upon hearing a motion to dismiss/acquit, must decide the motion on the evidence presented at the time the motion is made.*

Celestine now argues the district court erred when it took the case under advisement instead of immediately ruling on his motion at the conclusion of the first bench trial. The parties are not in agreement on what Celestine intended with his motion at the conclusion of the evidence. Celestine now characterizes his request for a dismissal as a motion for judgment of acquittal made after the State rested its case. The State, on the other hand, characterizes Celestine's request for a dismissal as his closing argument upon both sides resting.

After the State asked the district court to take judicial notice of the aggravated kidnapping and aggravated robbery statutes as they existed in 1975, it rested. The district court then asked whether Celestine was going to present evidence, and he told the district court he was not going to present any evidence. Thereafter, the parties presented closing arguments. The State asked the district court to find Celestine guilty, stating: "Your Honor, I believe the evidence speaks for itself and I would just ask that you find Mr. Celestine guilty of felony possession of a firearm."

In response, Celestine's counsel argued:

> "Judge, Mr. Celestine is charged I believe under K.S.A. 21-6304(a)(1). An
> element of that offense is that the defendant was found in possession of a firearm at the

time of the prior crime. I don't believe there has been any evidence that Mr. Celestine was in possession of a firearm during the commission of his 1975 felonies.

"When [the State] read the statutes out loud to the Court, I don't believe those statutes necessarily require that a firearm was possessed to commit those offenses. So I don't believe there has been any evidence presented of that element of the crime, so I would ask for a dismissal."

Because Celestine chose not to present evidence, the State is correct Celestine requested a dismissal at the close of all evidence. See K.S.A. 22-3419. But in *State v. Roberts*, 293 Kan. 29, 36, 259 P.3d 691 (2011), our Supreme Court held that "'where a motion to dismiss challenges the sufficiency of the evidence, the proper motion should be for a judgment of acquittal.' [Citations omitted.]" The State later argues the district court characterized Celestine's motion as a request for a dismissal and not a motion for judgment of acquittal. However, "[i]t does not matter how a party or a district court labels a motion or order; that characterization does not control." 293 Kan. at 35. Thus, Celestine is correct his motion is properly characterized as a motion for judgment of acquittal and the district court should have addressed it in accordance with K.S.A. 22-3419(1).

The timing of a motion to dismiss was also addressed by a prior panel of this court, where it observed:

"Keller's trial counsel clearly argued for acquittal at the close of all the evidence. It is true, as Keller points out, that his counsel did not formally move for acquittal, but there was little reason to do so at a bench trial. See K.S.A. 22-3419(2) (governing motion of acquittal in jury trials). Considering that the judge was also the trier of fact, it was not unreasonable for counsel simply to make his points in closing argument." *State v. Keller*, No. 98,517, 2008 WL 941002, at *2 (Kan. App. 2008) (unpublished opinion).

This analysis by the *Keller* panel reconciles with our understanding of when a motion to dismiss can be presented in a bench trial. The district court should have responded to the motion at the close of all of the evidence when Celestine chose not to present any

6

evidence. The time delay between Celestine announcing he was not going to present evidence and making the motion at the close of all the evidence would have been just a minute or two. The record was complete at the time the motion to dismiss was made for the judge to determine if the State had presented sufficient evidence to convict Celestine beyond a reasonable doubt.

K.S.A. 22-3419 governs how Kansas courts should consider motions to dismiss or for judgment of acquittal. Because the argument hinges on interpretation of a statute, our review is unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). K.S.A. 22-3419 states, in part:

> "(1) The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more crimes charged in the complaint, indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such crime or crimes. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.
> "(2) If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict."

Under K.S.A. 22-3419(1), a district court has no discretion to reserve judgment on a motion for judgment of acquittal. But under K.S.A. 22-3419(2), if the "motion for judgment of acquittal is made at the close of *all* the evidence, the court may reserve decision on the motion and submit the case to the jury . . . ." (Emphasis added.)

As previously stated, Celestine's motion for judgment of acquittal came at the close of all evidence, which triggered K.S.A. 22-3419(1) in this case since this was a trial to the bench.

Here, the district never ruled on the motion before taking it under advisement. The question becomes did the district court have an obligation to rule on the motion to dismiss before it granted the State's motion to reopen the evidence, which it filed nine days after the original bench trial? We believe it did and look to *Murdock* for guidance. There, our Supreme Court said:

> "K.S.A. 22-3419(1) states that a court '*shall* order the entry of judgment of acquittal' if the evidence offered is insufficient to support the conviction. The decision to grant a motion for judgment of acquittal is not discretionary. Instead, the determinative question for both a district court and an appellate court on review is whether there was sufficient evidence in the record at the time of the motion on which a rational factfinder could find the defendant guilty beyond a reasonable doubt." 286 Kan. at 668.

This instruction was again repeated by our Supreme Court in *State v. Llamas*, 298 Kan. 246, 253, 311 P.3d 399 (2013): "When Llamas presented his motion for acquittal to the trial court, the court was obligated to 'order the entry of judgment' if there was not sufficient evidence of each element of a charged crime. K.S.A. 22-3419(1)." Therefore, we find the district court was required by K.S.A. 22-3419(1) to rule on the motion to dismiss to either grant it or deny it once Celestine presented it to the district court at the conclusion of the evidence, and the district court erred in not ruling on the motion.

*At the time of Celestine's motion to dismiss, the State had not presented sufficient evidence to convict Celestine of criminal possession of a firearm by a convicted felon.*

We now turn to the evidence of the crime of criminal possession of a firearm by a convicted felon presented by the State to the district court at the time Celestine argued his motion to dismiss. Fundamentally, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires proof beyond a reasonable doubt of each element of the crime charged. *State v. Douglas*, 230 Kan. 744, 745, 640 P.3d 1259

8

(1982). It is the function of the appellate court to determine whether the evidence is sufficient to support a finding of guilt beyond a reasonable doubt. 230 Kan. at 745.

Before we consider the evidence presented, we review the various elements the State was required to prove beyond a reasonable doubt for a conviction under K.S.A. 2018 Supp. 21-6304. For this exercise, we turn to the PIK instructions for guidance because our Supreme Court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'" *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018).

While not controlling in this case, we find the PIK instructions clearly set out the elements and what the State is required to prove for the crime of criminal possession of a firearm by a convicted felon. The instruction defining K.S.A. 2018 Supp. 21-6304 is found at PIK Crim. 4th 63.040 and reflects the following elements of the crime must be proved:

- Celestine possessed a weapon in Johnson County, Kansas.

- Celestine had been convicted of a person felony.

- Celestine was found to be in possession of a weapon at the time of the prior crime.

With the elements of the crime in mind, we move from the instruction to the evidence presented by the State to the district court at the time the motion to dismiss was made:

- Celestine was found in possession of a weapon in Johnson County, Kansas.

- Celestine was convicted in 1975 of the person crimes of aggravated battery, kidnapping, and aggravated kidnapping as reflected in the journal entry of conviction.

- The State presented no evidence of Celestine possessing a weapon during the commission of the crimes of conviction in 1975.

Celestine immediately recognized at the close of the evidence that the last element—he possessed a firearm during the commission of his 1975 crimes—had not been presented and asked the district court to dismiss the charge for the State's failure to produce evidence of the fact he possessed a firearm at the time his 1975 crimes were committed. The State responded:

> "As the Court is aware, the—I believe that given the statute requirements or elements of those offenses in 1975, I believe that the Court can, by the evidence of the journal entry, find that it was, in fact, committed with a firearm or a weapon. As the Court is aware in the Pattern Instructions 'weapon' means firearm or knife for this particular offense and we'd ask that you find him guilty."

The State was required to show evidence beyond a reasonable doubt that Celestine possessed a weapon in 1975 as part of his crimes. However, the record reflects no evidence was admitted at the bench trial that Celestine possessed a weapon during the commission of his 1975 crimes. The State, at the conclusion of the trial, just asked the district court to find Celestine guilty of possession of a weapon or a firearm by a convicted felon because Celestine could have committed the crimes of conviction in 1975 while in possession of a "firearm or a weapon." One cannot infer he did by the nature of the convictions because Celestine's aggravated robbery conviction in 1975 was the only

10

crime where the possession of a "dangerous weapon" *could* have been an element of the conviction. But aggravated robbery provides two distinct elements the State can prove to support the conviction: the robbery was "committed by a person who is armed with a dangerous weapon" or the robbery was "committed by a person . . . who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. The district court here could not determine beyond a reasonable doubt based on the scant evidence presented at the bench trial whether Celestine committed the crime while "armed with a dangerous weapon" or by inflicting "bodily harm upon any person in the course of such robbery." See K.S.A. 21-3427.

At the time Celestine made his motion to dismiss, the State had not presented any circumstantial evidence—when viewed in a light most favorable to the State—to reflect Celestine possessed a dangerous weapon during the commission of the crimes in 1975. See *Murdock*, 286 Kan. at 666. The State argued Celestine was concerned and nervous about being caught in possession of a firearm at the time of his arrest, but that still does not support sufficient circumstantial evidence he possessed a firearm during the 1975 crimes. There was no evidence presented that Celestine admitted to the officers during his arrest the facts of his 1975 convictions. To conclude Celestine possessed a dangerous weapon during the commission of his prior crimes simply because he was nervous during the present arrest would require impermissible inference stacking. See *State v. Chandler*, 307 Kan. 657, 670, 414 P.3d 713 (2018). Even though the gravest of crimes may be supported by circumstantial evidence, that is not the case here. See *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

We find that when both parties had rested and Celestine moved for dismissal, there was insufficient evidence in the record to convict Celestine of criminal possession of a firearm by a convicted felon. As the *Murdock* court recognized in applying K.S.A. 22-3419(1): "[A] court '*shall* order the entry of judgment of acquittal' if the evidence offered is insufficient to support the conviction," and further clarified "the decision to grant a

11

motion for judgment of acquittal is not discretionary." 286 Kan. at 668. Celestine's conviction for criminal possession of a firearm by a convicted felon is reversed and the sentence is vacated. With this determination, we decline to address Celestine's remaining issues.

Conviction reversed and sentence vacated.

* * *

GARDNER, J., concurring: I concur. The decision to grant a motion for judgment of acquittal under K.S.A. 22-3419(1) is not discretionary. *State v. Murdock*, 286 Kan. 661, 668, 187 P.3d 1267 (2008). Instead, the district court had a duty to examine whether the record contained sufficient evidence to find the defendant guilty beyond a reasonable doubt when the defendant moved for judgment of acquittal. 286 Kan. at 668 ("[T]he determinative question for both a district court and an appellate court on review is whether there was sufficient evidence in the record *at the time of the motion* on which a rational factfinder could find the defendant guilty beyond a reasonable doubt." [Emphasis added.]). See *State v. Llamas*, 298 Kan. 246, 253, 311 P.3d 399 (2013) ("*When Llamas presented his motion for acquittal to the trial court*, the court was obligated to 'order the entry of judgment' if there was not sufficient evidence of each element of a charged crime." [Emphasis added.]).

But this case presents an issue not presented in *Llamas* or *Murdock*—whether a district court may allow a State to reopen its case to prove a missing element of the crime charged rather than grant a defendant's pending motion for judgment of acquittal. See *Murdock*, 286 Kan. at 671 ("Thus, this case does not involve circumstances where the prosecution has failed to present evidence on a critical element of a criminal charge but nevertheless rested its case and then sought to reopen."). We answer that question no.

12

The only time a district court may substantially delay in ruling on a motion for acquittal is in a jury trial. Then,"[i]f a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict." K.S.A. 22-3419(2). Of course, that statute does not apply here because the trial was to the bench. And even for jury trials, that statute contemplates no delay beyond the date the court discharges the jury—certainly not the three-week delay in ruling on the motion for acquittal that occurred here. So the court had a mandatory duty to rule on Celestine's motion for acquittal before deciding whether, in its discretion, to grant the State's motion to reopen the case—a motion the State filed a week after Celestine moved for acquittal.

The district court took Celestine's motion for acquittal under advisement so it could research a question of law about the elements of the crime. That is both understandable and reasonable. Yet once the court resolves the legal issue, it must rule on a motion to acquit by looking at the facts in evidence at the time the motion was made—not by considering curative evidence presented later. See *Murdock*, 286 Kan. at 671-72. ("Because there was sufficient evidence in the record *at the time that Murdock moved for judgment of acquittal* for a jury to conclude that he was guilty beyond a reasonable doubt of the crime charged, the district court correctly denied his motion, and that denial does not factor into our consideration of the district court's subsequent decision allowing the State to reopen its case." [Emphasis added.]).

The district court's failure to rule on Celestine's motion for acquittal before considering the State's motion to reopen the case functioned as a denial of his motion. And for the reasons aptly stated in the majority opinion, that denial was in error.